FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )    Criminal No. 2008-55
      v.                     )
                             )
WENDIE MICHEL BROWN,         )
                             )
            Defendant.       )
_____ )

ATTORNEYS:

Major R. Coleman, AUSA
Jason T. Cohen, AUSA
St. Thomas, U.S.V.I.
      *For the plaintiff.*

Ronald E. Russell, Esq.
St. Croix, U.S.V.I.
      *For the defendant.*

MEMORANDUM OPINION

GÓMEZ, C.J.

    Before the Court is the motion of the defendant, Wendie

Michel Brown, to dismiss the indictment.  For the reasons

discussed below, the Court will deny the motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

    On November 6, 2008, Brown was charged with nineteen counts

of wire fraud in violation of 18 U.S.C. § 1343.[1]  A warrant for

_____

    [1]  A superseding indictment was filed on July 9, 2009.  The
superseding indictment is not materially different from the
initial indictment.

her arrest issued on November 7, 2008.  Brown appeared for an advice-of-rights hearing before a magistrate judge on November 18, 2008.  She was arraigned on November 20, 2008.  A discovery schedule was adopted and the trial was set for January 5, 2009.

On December 4, 2008, Brown filed a motion to continue motion practice deadlines and the trial date, asserting a need for more time to review the government's discovery.  On December 10, 2008, she filed a signed speedy trial extension form, asking the Court to extend the period within which this matter must be tried until March 2009.[2]

On January 6, 2009, the magistrate judge denied as moot Brown's December 4, 2009, motion to continue.  On January 12, 2009, in light of Brown's December 10, 2008, filing, the Court extended the time to try this matter until March 9, 2009.

On February 10, 2009, Brown filed another speedy trial extension form, asking the Court to extend the period within which this matter must be tried until June 2009.[3]

On February 11, 2009, the magistrate judge conferred with

---

[2]  In the form, Brown "move[d] this Court to extend the period of time within which this matter must be tried, up to and including March 5, 2009." (Def.'s Application and Checklist for Speedy Trial Extension 1, Dec. 10, 2008.)

[3]  In the form, Brown "move[d] this Court to extend the period of time within which this matter must be tried, up to and including June 9, 2009." (Def.'s Application and Checklist for Speedy Trial Extension 1, Feb. 10, 2009.)

the parties, acknowledged that Brown had asked the Court to

extend the time to try this matter, and rescheduled the trial for

June 2009.  Neither the magistrate judge nor the Court ruled on

that request.

On May 8, 2009, Brown filed another speedy trial extension

form, asking the Court to extend the period within which this

matter must be tried until June 15, 2009.[4]  Neither the

magistrate judge nor the Court ruled on that request.

On June 3, 2009, Brown filed a motion to continue the trial

until September 2009, asserting a need to review evidence that

she claimed could aid her defense.  On June 4, 2009, a new

attorney filed a notice of appearance on behalf of Brown.  On

June 8, 2009, before the Court ruled on the June 3, 2009, motion

to continue, Brown, through her newly-noticed attorney, filed

another motion to continue the trial, asserting a need to review

discovery.  Attached to that motion to continue was another

speedy trial extension form, in which Brown asked the Court to

extend the period within which this matter must be tried until

September 30, 2009.[5]

---

[4]  In the form, Brown "move[d] this Court to extend the
period of time within which this matter must be tried, up to and
including June 15, 2009." (Def.'s Application and Checklist for
Speedy Trial Extension 1, May 8, 2009.)

[5]  In the form, Brown "move[d] this Court to extend the
period of time within which this matter must be tried, up to and

On June 10, 2009, the Court continued the trial date until August 24, 2009 and denied as moot Brown's two motions to continue. The Court did not rule on Brown's June 8, 2009, extension request. On July 17, 2009, the Court *sua sponte* rescheduled the trial for August 10, 2009.

On July 15, 2009, Brown moved to dismiss this matter on speedy trial grounds. The government opposes the motion. The Court heard argument on the motion on August 3, 2009.[6] At the conclusion of the hearing, the Court invited the parties to submit supplemental briefs. Both parties have availed themselves of that opportunity.[7]

## II. DISCUSSION

Brown argues that both the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, and her Sixth Amendment speedy trial rights have been violated.

### A. Speedy Trial Act

The Speedy Trial Act requires that trial commence within seventy days of a defendant's initial appearance or of the filing and making public of the indictment, if later. 18 U.S.C. §

including September 30, 2009." (Def.'s Application and Checklist for Speedy Trial Extension 1, June 8, 2009.)

[6] Brown was present at oral argument.

[7] The government's supplemental submission was untimely.

3161(c).  Delay resulting from any pretrial motion, from the date
of the filing of the motion through the date of the prompt
disposition of the motion, is excluded from the computation of
Speedy Trial Act time. 18 U.S.C. § 3161(h)(1)(F).  Any pretrial
motion, including a motion for extension of time, is a pretrial
motion within the meaning of Section 3161(h)(1)(F) and creates
excludible time, even if it does not in fact delay the trial. *See*
*United States v. Novak*, 715 F.2d 810, 813 (3d Cir. 1983).  The
Speedy Trial act also allows district courts to grant
continuances on finding that "the ends of justice served by
taking such action outweigh the best interest of the public and
the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A); *see*
*also United States v. Adedoyin*, 369 F.3d 337, 341 (3d Cir. 2004).
Under the Act, courts must justify their continuances by an oral
or written statement setting forth on the record their reasons
for granting them. *Id.; see also United States v. Lattany*, 982
F.2d 866, 877 (3d Cir. 1992).  The discretion of courts "is not
unfettered, however." *United States v. Watts*, Crim. No. 2004-153,
2005 U.S. Dist. LEXIS 22505, at *7 (D.V.I. Sept. 30, 2005).  The
Act lists factors that courts must consider in granting such a
continuance. *See*, *e.g.*, *United States v. Rivera*, 863 F.2d 293,
295 (3d Cir. 1988) (holding that under the totality of the
circumstances, the Speedy Trial Act's requirements were met when

the district court articulated on the record one of the factors

listed in the statute as the reason to exclude time, such as a

continuance to allow new counsel to adequately prepare for

trial).

In this matter, Brown was indicted on November 6, 2008.  A

warrant for her arrest issued on November 7, 2008.  On November

18, 2008, Brown appeared for an advice-of-rights hearing before a

magistrate judge.  A bond hearing was held on November 19, 2008.

Brown was arraigned on November 20, 2008.  From November 21,

2008, seven non-excludible days passed until November 28, 2009,

when the government moved to unseal the indictment.  That motion

was resolved on December 1, 2008.  Two non-excludible days passed

from December 2, 2008 until December 4, 2008, when Brown moved

for a continuance.  On December 10, 2008, Brown filed an

application to extend the time within which to try this matter up

until March 5, 2009.  The motion to continue remained pending

until January 6, 2009, when the magistrate judge denied it as

moot.  The Court granted the application for a speedy trial

extension on January 12, 2009, finding that the ends of justice

required extending the time to try this matter until March 9,

2009.  Thus, from January 6, 2009 until January 12, 2009, five

more excludible days elapsed.

On February 10, 2009, Brown filed another application for a

speedy trial extension.  Asserting a need for more time to review

discovery and consult experts, Brown "move[d] this Court to

extend the period of time within which this matter must be tried,

up to and including June 9, 2009." (Def.'s Application and

Checklist for Speedy Trial Extension 1, Feb. 10, 2009.)

On February 11, 2009, the magistrate judge conferred with

the parties and rescheduled the trial for June 15, 2009.  The

magistrate judge did not rule on Brown's application to extend

the period of time within which to try this matter, and the Court

did not thereafter rule on the application.

18 U.S.C. § 3161(h)(1)(D) requires the exclusion of "delay

resulting from any pretrial motion, from the filing of the motion

through the conclusion of the hearing on, or other prompt

disposition of, such motion."  "Only that time needed for a

'prompt disposition[]' . . . is excluded. . . . The point at

which time will no longer be excluded is determined by Subsection

[H], which permits an exclusion of thirty days from the time a

motion is actually 'under advisement.'  Thereafter, the fact that

a motion is 'pending,' or is otherwise unresolved, does not toll

the Speedy Trial clock." *United States v. Johnson*, 29 F.3d 940,

943 (5th Cir. 1994) (internal citation and footnote omitted).

In this matter, because the Court did not rule on Brown's

request for an exclusion of time, the Court will exclude only

thirty days following the filing of the request.[8]  Thirty days

---

[8]   At oral argument, Brown argued that the outcome of her
motion to dismiss is governed by *Zedner v. United States*, 547
U.S. 489 (2006).  In that case, the Supreme Court held that "a
defendant may not prospectively waive the application of the
[Speedy Trial] Act." *Id.* at 500.  *Zedner* has no application here,
as the Court has not excluded any time based on Brown's purported
waiver of her right to a speedy trial.  Indeed, under *Zedner*, any
such waiver is ineffective to toll the speedy trial clock. *See
United States v. Jordan*, 544 F.3d 656, 668 n.9 (6th Cir. 2008)
(noting in dicta that a defendant's speedy trial waiver "would
have had no effect for purposes of the Speedy Trial Act" (citing
*Zedner*, 547 U.S. at 503)); *United States v. Henry*, 538 F.3d 300,
306 (4th Cir. 2008) (finding, in light of *Zedner*, that the
defendants' several speedy trial waivers were invalid); *United
States v. Taylor*, 497 F.3d 673, 676 (D.C. Cir. 2007) (holding
that the defendant's attempted waiver on May 20 to waive his
right to a speedy trial up until August 18 "had no effect" under
*Zedner*), *cert. denied*, 128 S. Ct. 1326 (2008).

Brown, without citation to any appropriate legal authority,
also contended at oral argument that her waiver does not
constitute a motion as contemplated by the Speedy Trial Act.
That contention is unpersuasive.  Federal Rule of Criminal
Procedure 47 provides that "[a] party applying to the court for
an order must do so by motion." Fed. R. Crim. P. 47(a).  A motion
"generally means 'an application made to a court or judge for
purpose of obtaining a rule or order directing some act to be
done in favor of the applicant.'" *Melendez v. United States*, 518
U.S. 120, 126 (1996) (quoting Black's Law Dictionary 1013 (6th
ed. 1990)); *see also id.* at 126 n.4 (citing Random House
Dictionary of the English Language 1254 (2d ed. 1987) (defining
"motion" in the legal sense as "an application made to a court or
judge for an order, ruling, or the like")).  As for the form of a
motion, Rule 47 states only that "[a] motion . . . must be in
writing. . . . A motion must state the grounds on which it is
based and the relief or order sought." Fed. R. Crim. P. 47(b).
Brown's request for an exclusion, in keeping with the generally
accepted definition of a "motion," "moves" this Court for
specific relief and, in line with Rule 47, states the grounds for
that relief.  Notwithstanding the caption Brown chose, her
request is clearly a motion. *See Smith v. Evans*, 853 F.2d 155,
158 (3d Cir. 1988) ("[T]he function of the motion, not the
caption, dictates which Rule applies[.]" (citation omitted)).

after February 10, 2009 fell on March 12, 2009.  Therefore, the

speedy trial clock began to run again on March 13, 2009.  Twelve

non-excludible days elapsed until March 25, 2009, when the Court

held a hearing.  From March 26, 2009 until April 6, 2009, twelve

more non-excludible days passed.  On April 7, 2009, the Court

held another hearing.  From April 8, 2009 until May 7, 2009,

thirty non-excludible days passed.

On May 8, 2009, Brown filed another application for a speedy

trial extension, in which she "move[d] this Court to extend the

---

In her supplemental papers, Brown asserts that she signed
the motions for exclusions unknowingly and involuntarily.  Brown
is correct that a waiver of rights by a criminal defendant must
be knowing and voluntary.  Whether Brown's waiver of her rights
was knowing and voluntary, however, is not relevant here.  In
computing Brown's speedy trial count, the Court has not, for the
reasons discussed above, construed her motions for exclusions of
time as waivers of her right to a speedy trial.  To the extent
Brown alleges that she signed those requests in the fog of a
communication breakdown with her previous attorney, the Court
declines to allow Brown to disclaim discrete acts by that
attorney -- the filing of those requests -- while benefiting
generally from his representation. *See United States v. Fields*,
39 F.3d 439, 443 (3d Cir. 1994) ("The defendant's arguments are
disturbing because he would have us order the dismissal of his
indictment based on continuances that his own attorney sought.");
*see also United States v. Bryant*, No. 96-4359, 1998 U.S. App.
LEXIS 1408, at *9-10 (4th Cir. Feb. 2, 1998) (rejecting the
defendant's argument that only his defense counsel, not he,
agreed to a trial continuance because adopting such an argument
would "permit[] a[] sort of sandbagging, i.e. permitting a
defendant to use the services of his counsel when it suited him,
but disavowing his counsel's advice when that advice did not suit
the defendant's purposes").  In any event, the Court is convinced
that such an allegation is more appropriately raised at a later
stage, if need be, as an ineffective assistance of counsel claim.

period of time within which this matter must be tried, up to and

including June 15, 2009." (Def.'s Application and Checklist for

Speedy Trial Extension 1, May 8, 2009.)  Brown again asserted a

need for more time to review discovery and to prepare for trial.

On May 13, 2009, the magistrate judge met with the parties

and stated that the trial would remain scheduled for June 15,

2009.  The magistrate judge did not rule on Brown's May 8, 2009,

request for an exclusion of time.  The Court did not thereafter

rule on the request.  As with Brown's February 10, 2009,

exclusion request, the Court will exclude thirty days following

the filing of the May 8, 2009, request.

Thirty days after May 8, 2009 fell on June 7, 2009.  On June

8, 2009, the government filed a motion in limine to preclude the

introduction of certain evidence at trial.[9]  The speedy trial

---

[9]  The government's motion in limine seeks to exclude any
evidence pertaining to an alleged complaint Brown filed against
the Bank of Nova Scotia with the United States Equal Employment
Opportunity Commission.  According to the government, that
complaint alleges that Brown suffered racial and sexual
discrimination as well as retaliatory action while employed at
the bank.  The government argues that Brown's complaint cannot
aid her defense and otherwise is not admissible for any purpose.
Brown has not filed an opposition to the motion.

As the Court cannot, based on the government's submission
alone and without the benefit of knowing what evidence, if any,
Brown intends to present during her case-in-chief, the Court will
defer ruling on the government's motion in limine until trial.
*See United States v. Bermea*, 30 F.3d 1539, 1568 (5th Cir. 1994)
("[P]ending motions carried for hearing just before or during
trial will toll the speedy trial clock indefinitely." (citation

clock stopped on that date and has not since been restarted, as

the Court has not ruled on the motion.[10] *See United States v.*

*Jackson*, 544 F.3d 1176, 1186 n.15 (11th Cir. 2008) (noting that

"motions in limine . . . clearly are excluded under" the Speedy

Trial Act), *cert. denied*, 129 S. Ct. 1925 (2009); *United States*

*v. Jernigan*, 341 F.3d 1273, 1286 (11th Cir. 2003) (holding that

the speedy trial clock was tolled from the filing of defendant's

motion in limine until trial, when the district court was able to

hear evidence necessary to rule on motion); *United States v.*

*Grosz*, 76 F.3d 1318 (5th Cir. 1996) (holding that the speedy

---

omitted)); *United States v. Santoyo*, 890 F.2d 726, 728 (5th Cir. 1989) (excluding from a speedy trial count an eight-month period between the filing of a motion in limine and the hearing on that motion where the district court deferred the hearing on the motion until trial); *see also United States v. Curry*, No. 93-5866, 1996 U.S. App. LEXIS 31211, at *9 (4th Cir. Dec. 5, 1996) (per curiam) (unpublished) (excluding the time from the filing of the government's motion in limine, even though the district court deferred ruling on the motion until trial); *United States v. Riley*, 991 F.2d 120, 123 (4th Cir. 1993) (holding that when a hearing on a pretrial motion is deferred until after trial, all of the time from the filing of the motion until its disposition is excluded); *but see United States v. Rojo-Alvarez*, 944 F.2d 959, 966 (1st Cir. 1991) (noting that if a district court "put[s] off consideration of a motion[]," the period of time during which the motion was "dormant" should not be excluded).

[10] To the extent Brown contends that the government's motion in limine should not toll the speedy trial clock until trial, the Court points Brown to the government's June 16, 2009, motion for clarification -- which essentially asks for the Court's take on Brown's speedy trial count -- and Brown's July 15, 2009, motion to dismiss. Until the date of this ruling, the pendency of both of those motions has also tolled the speedy trial clock.

trial clock was tolled from time of filing of defendant's motion in limine until a second pretrial conference when the district court heard oral argument on motion and ruled on it).

Based on the above sequence of events, a total of sixty-eight non-excludible days have passed from Brown's first appearance before a judicial officer and the government's June 8, 2009, motion in limine, until the date of this ruling. Significantly, that count does not offend the Speedy Trial Act, and Brown's motion will therefore be denied to the extent it rests on an alleged violation of the Act.

**B.    Sixth Amendment**

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.  A fact-specific, four-factor balancing test governs whether a defendant's speedy trial rights have been violated. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).  Those factors are: "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker*, 407 U.S. at 530).

The first factor -- the length of the delay -- is a
triggering device: "Simply to trigger a speedy trial analysis, an
accused must allege that the interval between accusation and
trial has crossed the threshold dividing ordinary from
'presumptively prejudicial' delay since, by definition, he cannot
complain that the government has denied him a 'speedy' trial if
it has, in fact, prosecuted his case with customary promptness."
*Id.* at 651-52 (internal citation omitted). Thus, "[u]ntil there
is some delay which is presumptively prejudicial, there is no
necessity for inquiry into the other factors that go into the
balance." *Barker*, 407 U.S. at 530. In other words, the first
factor -- the length of the delay -- is also a threshold inquiry.
*See United States v. Loud Hawk*, 474 U.S. 302, 314 (1986) ("The
first factor, the length of delay, defines a threshold in the
inquiry[.]"); *United States v. Grimmond*, 137 F.3d 823, 827 (4th
Cir. 1998) ("The first factor also acts as a threshold
requirement." (citing *Doggett*, 505 U.S. at 651-52)).

Here, more than eight months have elapsed since Brown's
arrest. Generally, delay approaching one year is presumptively
prejudicial. *See Doggett*, 505 U.S. at 652 n.1 (noting that most
courts find post-accusation delay "presumptively prejudicial" as
it nears one year); *United States v. Hall*, 551 F.3d 257, 271 (4th
Cir. 2009) (noting the Supreme Court's instruction that "we

should conduct a full inquiry when . . . a delay approaches one

year" (citation omitted)); *United States v. Jeanetta*, 533 F.3d

651, 656 (8th Cir.), *cert. denied*, 129 S. Ct. 747 (2008) ("A

delay approaching one year may meet the threshold for

presumptively prejudicial delay requiring application of the

*Barker* factors."). It is unclear, however, at what point delay

that is less than one year becomes presumptively prejudicial.

Indeed, the courts are divided on this point. *Compare United*

*States v. Jackson*, 473 F.3d 660, 665 (6th Cir. 2007) (finding an

eight-month delay sufficient to "trigger the application of the

full test"); *United States v. White*, 443 F.3d 582, 590 (7th Cir.

2006) (reasoning that a nine-month delay between arrest and trial

required a more searching review); *United States v. Woolfolk*, 399

F.3d 590, 598 (4th Cir. 2005) ("[G]iven the fact that Woolfolk's

case involves little complexity, we see no reason to deviate from

that general rule that any delay of eight months or longer is

presumptively prejudicial." (quotation marks and citation

omitted)); *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir.

1992) (noting that a delay of over eight months is presumptively

prejudicial); *United States v. Henson*, 945 F.2d 430, 437 (1st

Cir. 1991) (assuming that a nine and one-half month delay raised

the presumption of prejudice); *with United States v. Horse*, 316

F.3d 769, 775 (8th Cir. 2003) (concluding that "a nine and

one-half month interval is too short to be presumptively prejudicial"); *United States v. Kalady*, 941 F.2d 1090, 1095-96 (10th Cir. 1991) (reasoning that an eight-month delay between indictment and trial was non-prejudicial); *United States v. Delario*, 912 F.2d 766, 769 (5th Cir. 1990) (per curiam) (finding that a delay of delay of eight and a half months "is not long enough to be 'presumptively prejudicial'").

The Third Circuit has not spoken directly on the circumstances presented here. However, the court has made clear that "rigid time limitations have been rejected in analyzing the constitutional right to a speedy trial." *Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993) (finding that "a fourteen and one-half month detention before trial merits further inquiry"). The Supreme Court has explained that whether a particular delay is presumptively prejudicial "is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530. For instance, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531.

In *Wells v. Petsock*, 941 F.2d 253 (3d Cir. 1991), the Third Circuit held that the petitioner's pretrial incarceration of slightly more than seventh months was "long enough to require plenary inquiry into the remaining *Barker* factors." *Id.* at 258.

The court was careful to note, however, that "the speedy trial

right compels a flexible analysis *attuned to the nature and*

*circumstances of the deprivation of an accused's liberty prior to*

*trial.*" *Id.* (emphasis supplied).  In *United States v. Dent*, 149

F.3d 180 (3d Cir. 1998), the Third Circuit stated that a five-

year delay between arrest and trial was "substantial" but that

because the defendant "did not endure any significant pretrial

detention[,] . . . [w]e . . . do not find the length of the

pretrial delay in his case to be intolerable." *Id.* at 184.  After

so finding, the *Dent* Court, although it did not explicitly state

whether the defendant's five-year wait was presumptively

prejudicial, proceeded to analyze the other three *Barker* factors.

In this matter, Brown is facing nineteen serious wire fraud

charges.  In other words, this is not a case of simple street

crime.  Furthermore, throughout these proceedings Brown's

requests for continuances and applications for speedy trial

extensions have been based primarily on what she herself has

described as voluminous discovery the government has turned over

to her.[11]  Finally, Brown has not been detained during the

_____

[11]  For instance, in her December 4, 2008, motion to continue
the trial, Brown stated that she "received 748 pages of discovery
on two compact discs. . . . [J]ust to print out the documents for
diligent review has been a time consuming process. . . .
[C]onsidering the amount and nature of the discovery, due process
counsels that the defendant be given more time to prepare motions
and for trial." (Def.'s Mot. to Continue 1-2, Dec. 4, 2008.)  In

pretrial period.  Under these circumstances, the Court does not

find that a delay of more than eight months is presumptively

prejudicial. *See United States v. Chahia*, 544 F.3d 890, 899 (8th

Cir. 2008) (finding that a six and one-half month delay was not

presumptively prejudicial in light of the large amount of

discovery); *United States v. Titlbach*, 339 F.3d 692, 699 (8th

Cir. 2003) (finding that an eight-month delay was not

presumptively prejudicial "[g]iven the complexity" of the case;

*United States v. Cope*, 312 F.3d 757, 778 (6th Cir. 2002)

("Although an eight-month-and-three-week delay is substantial, it

is not presumptively prejudicial in a case of this seriousness

and complexity.").

Even assuming *arguendo* that more than eight months is long

enough to be considered "presumptively prejudicial," the Court

does not find that the other *Barker* factors help Brown make out a

Sixth Amendment violation.

The second *Barker* factor -- whether the government or the

defendant is more to blame for the delay -- clearly undercuts

Brown's position.  On November 20, 2009, the Court scheduled the

trial of this matter for January 5, 2009.  Brown asked for a

_____

her June 3, 2009, motion to continue, Brown stated that "[w]ithin
the last two weeks, the Government has produced substantive
discovery totaling over 200 pages." (Def.'s Mot. to Continue 1-2,
June 3, 2009.)

continuance on December 4, 2008 and moved again on December 10,

2008 for an extension of time to try this matter up until March

2009.  The Court rescheduled the trial for March 2009.  On

February 10, 2009, Brown again moved for an exclusion of time and

a postponement of the trial, this time up until June 2009.  The

Court again rescheduled the trial.  On June 8, 2009, Brown again

sought a continuance until September 2009.  The Court yet again

postponed her trial, this time until August 2009.  In short, the

record leaves no room for doubt that the several continuances in

this matter have been occasioned not by the government but by

Brown herself.  Thus, Brown has no one but herself to blame for

the pretrial delay. *See United States v. Dent*, 149 F.3d 180, 184

(3d Cir. 1998) (noting that "it is clear that Dent bears the bulk

of responsibility" for the post-indictment delay); *see also*

*United States v. Harris*, 566 F.3d 422, 432 (5th Cir. 2009)

(finding that "[t]he second factor . . . cuts strongly against

Harris" where "the delay was largely a result of [his] myriad

pretrial motions, including numerous requests for continuances");

*Brown*, 498 F.3d at 531 (noting that "a court should consider

whether some of the delay is attributable to the defendant"

(citation omitted)); *United States v. Tchibassa*, 452 F.3d 918,

925 n.4 (D.C. Cir. 2006) (agreeing "with the district court that

the second factor weighs against Tchibassa because the fault for

the delay in arrest lay primarily with Tchibassa himself").

The third factor -- whether Brown timely asserted her right
to a speedy trial -- likewise weighs in favor of the government.
Brown was arrested and arraigned in November 2009.  At her
arraignment, she requested a speedy trial.  However, "[m]ere
assertion of the speedy trial right is not enough for this factor
to weigh in a defendant's favor." *United States v. Parker*, 505
F.3d 323, 329 (5th Cir. 2007) (footnote omitted), 128 S. Ct. 1323
(2008).  "Rather, an assertion of speedy trial rights generally
takes the form of 'an objection to a continuance or a motion
asking to go to trial.'" *Harris*, 566 F.3d at 432 (quoting *United
States v. Frye*, 489 F.3d 201, 211 (5th Cir. 2007)).

Here, Brown has never objected to any motion by the
government for a continuance.  The government has sought only one
continuance in this matter.  On July 22, 2009, after Brown moved
to dismiss the indictment, the government moved to reschedule the
trial from August 10, 2009 to August 24, 2009.  That motion is
pending.  Brown has not filed a response to it of any kind.
Indeed, on July 28, 2009, the government filed a supplement to
its motion to continue, stating that Brown's attorney indicated
that he does not object to a continuance of the trial.
Furthermore, at an August 5, 2009, hearing, Brown's attorney
affirmatively represented that he preferred to proceed to trial

on August 24, 2009, the same date desired by the government.

Similarly, Brown has never filed a motion asking to proceed to trial.  Instead, as noted above, she has repeatedly sought exclusions of time under the Speedy Trial Act and postponements of the trial date, on occasion over the government's objection. Indeed, the only time she has affirmatively asserted her right to a speedy trial was on July 15, 2009, when she filed her motion to dismiss.  That motion came some eight months after Brown learned of the charges against her.  Brown's Sixth Amendment argument is substantially undermined by her request for dismissal so many months after her arrest, coupled with her repeated petitions for exclusions and continuances. *See Parker*, 505 F.3d at 330 (finding that it was "not evident that [the defendant] was diligent in asserting his speedy trial right" in light of the passage of eight months between the indictment and his "first affirmative indication that he wanted trial to proceed"); *Tchibassa*, 452 F.3d at 926 (finding that the defendant's "failure to make any effort to secure a timely trial on them (and his apparent desire to avoid one) manifests a total disregard for his speedy trial right" where he moved to dismiss the indictment nine months after his arrest); *United States v. Batie*, 433 F.3d 1287, 1292 (10th Cir. 2006) ("[The defendant's] persistent requests for continuances . . . scarcely demonstrate a desire for a speedier

process."); *see also United States v. Aguirre*, 994 F.2d 1454,
1457 (9th Cir. 1993) ("The Speedy Trial Clause primarily protects
those who assert their rights, not those who acquiesce in the
delay -- perhaps hoping the government will change its mind or
lose critical evidence.").

Finally, the Court must consider whether Brown has been
prejudiced by the pretrial delay.  Prejudice should be considered
"in the light of the interests of defendants which the speedy
trial right was designed to protect." *Barker*, 407 U.S. at 532.
The Supreme Court "has identified three such interests: (i) to
prevent oppressive pretrial incarceration; (ii) to minimize
anxiety and concern of the accused; and (iii) to limit the
possibility that the defense will be impaired." *Id*. at 532
(footnote omitted).  Where, as here, the other three *Barker*
factors do not support the defendant, "[p]rejudice is the key
factor." *Government of Virgin Islands v. Burmingham*, 788 F.2d
933, 936 (3d Cir. 1986).

In her motion, Brown states that she "has had to endure the
specter of criminal charges hanging over her head[.]" (Def.'s
Mot. to Dismiss 5.)  She adds that she has had restrictions
placed on her ability to travel and been subjected to name-
calling by those familiar with her circumstances.  Brown elects
to make no prejudice showing beyond these rather conclusory

assertions.

The Court does not discount the significant hardships imposed on a criminal defendant facing trial. Indeed, a long pretrial period can, in some instances, give rise to serious personal and logistical difficulties. *See Moore v. Arizona*, 414 U.S. 25, 27 (1973) (per curiam) (recognizing that delay "may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends" (quotation marks, alteration and citation omitted)).

Such difficulties notwithstanding, in this circuit, "a certain amount of anxiety is bound to accompany criminal charges, and only unusual or specific problems of personal prejudice will satisfy the *Barker* test." *Heiser v. Ryan*, 15 F.3d 299, 305 (3d Cir. 1994) (citations omitted). Thus, in *Government of the Virgin Islands v. Burmingham*, the Third Circuit rejected the defendant's speedy trial argument absent a showing of "unusual burden of anxiety." 788 F.2d at 937. The court reasoned that "[a]bsent impairment of the defense, pretrial incarceration, or any evidence of unusual psychological distress, and absent unjustifiable procrastination by the government, we do not believe that a delay of eighteen months between indictment and

trial requires us to grant Burmingham's speedy trial claim predicated on *Barker v. Wingo*." *Id.* Similarly, in *Government of Virgin Islands v. Pemberton*, 813 F.2d 626 (3d Cir. 1987), the Third Circuit found no speedy trial violation where the defendant "failed to provide any evidence of specific psychological disorders suffered as a result of the pending criminal charges[.]" *Id.* at 630. In contrast, in *United States v. Dreyer*, 533 F.2d 112 (3d Cir. 1976), the Third Circuit held that the prejudice prong was met where the defendant's severe psychological trauma that ended in a suicide attempt was, according to expert testimony, connected to the twenty-nine month delay between indictment and trial.

Here, Brown does no more than lodge garden-variety complaints about the stress and inconvenience associated with any criminal proceeding. She has not, for instance, endured the burden of pretrial detention. In fact, in at least one of her motions to continue the trial, Brown highlights as justification the fact that she "is currently not in pretrial custody." (Def.'s Mot. to Continue 2, Dec. 4, 2008.) *See Burmingham*, 788 F.2d at 936 (concluding that the absence of pretrial incarceration or other prejudice required denial of the defendant's speedy trial challenge); *Pemberton*, 813 F.2d 626, 628 (3rd Cir. 1987) (similar); *cf. Wells v. Petsock*, 941 F.2d 253, 257 (3d Cir. 1991)

("[T]he impairment of liberty resulting from pretrial
incarceration is most serious and, thus, the gravity of the
prejudice resulting from long delays before trial is considerably
greater than when the defendant is not incarcerated." (citations
omitted)).  Brown also has not argued that the delay has resulted
in the loss of witnesses or evidence. *Cf. Barker*, 407 U.S. at 532
("If witnesses die or disappear during a delay, the prejudice is
obvious."); *Douglas v. Cathel*, 456 F.3d 403, 419 (3d Cir. 2006).
To the extent Brown alleges that constraints on her freedom to
leave the Virgin Islands have been a hardship for her, the Court
is unconvinced, as she has not asserted any substantiated need
for imminent travel.[12] *See Pemberton*, 813 F.2d at 629 (finding
unpersuasive the defendant's argument "that he was not free to
leave the territory [because] [h]e has put nothing on record as
to any need to do so").

Under the circumstances presented here, Brown has made an
insufficient showing of prejudice, and the Court, in its review
of the record, perceives none. *See Government of Virgin Islands
v. Duberry*, 923 F.2d 317, 323 (3d Cir. 1991) (rejecting a Sixth
Amendment challenge where "we can find no reason in the record to
conclude that the delay prejudiced [the defendant] and he does

---

[12]  In her motion, Brown states only in conclusory fashion
that she has had to cancel family trips.

not claim it did").

None of the *Barker* factors, standing either alone or together, do Brown any good. Accordingly, on balance, the Court holds that the lag between Brown's arrest and trial does not violate the Sixth Amendment.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny Brown's motion to dismiss the indictment in its entirety. An appropriate order follows.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**